## SUPREME COURT.

### LAPEOUS agt. HART.

In an action of tort, after verdict, where the defendant obtains an *order* staying proceedings for the purpose of making a case, it does not stay the plaintiff from procuring an *order of arrest.*

Where it appears from the affidavit upon which an order of arrest is granted that the action is brought to recover damages for an injury to the person of the plaintiff, it is sufficient to give the judge jurisdiction. It is then a matter of discretion whether the order should be granted or not, which will not be reviewed on motion to vacate it.

*Albany Special Term, June,* 1854. Motion to set aside order of arrest. The action was for assault and battery. It was tried at the March circuit in Albany, and the plaintiff recovered a verdict for $500. When the verdict was rendered, the defendant obtained an order allowing him thirty days to make a case, &c., and directing that all the proceedings on the part of the plaintiff be stayed in the mean time. This order was made on the 24th of March. On the 5th of April following the plaintiff applied to one of the justices of this court, upon an affidavit showing these facts, for an order of arrest, alleging that the defendant was about removing beyond the jurisdiction of the court. The order was made, and the defendant was held to bail in the sum of $650. The defendant moved to vacate the order, first, upon the ground that it was obtained in violation of the order staying the plaintiff's proceedings; and, second, because the affidavit upon which it was obtained was insufficient.

L. TREMAIN, *for plaintiff.*
J. H. REYNOLDS, *for defendant.*

HARRIS, Justice. The defendant is mistaken in supposing that the order to stay proceedings in the action prohibited the plaintiff from obtaining an order of arrest. Such an order has reference to the *ordinary* proceedings in the action only. The plaintiff, while the stay of proceedings remained operative, could not perfect his judgment, but he might institute proceed-

ings to have the order itself vacated. So, too, while he might not proceed to obtain the relief for which the action is brought, he might proceed to obtain any temporary relief to which he may be entitled. The application for the order of arrest, therefore, was not a violation of the order staying the plaintiff's proceedings.

Nor can the motion prevail upon the other ground. It appeared by the affidavit, upon which the order of arrest was granted, that the action was brought to recover damages for an injury to the person of the plaintiff. This was enough to give the judge jurisdiction. It then became a matter of discretion whether or not the order should be allowed. The manner in which that discretion has been exercised is not the subject of review upon a motion to vacate the order. The motion must, therefore, be denied with costs.