Learned, J.
The place of trial in this action is Saratoga county. On September 19, plaintiffs served an affidavit and notice of motion for a reference, to be made on September 37, at ten A. M., at a special term to be held at Saratoga Springs.
On September 31, the defendants obtained an order at a special term held by Mr. Justice Ingalls, at Troy, requiring the plaintiffs to show cause at a special term to be held at Albany, September 37, at ten A. M., why the place of trial should not be changed from Saratoga to New York, and served the same, with the affidavits, on September 33.
On September 34, the plaintiffs obtained an order from Mr. Justice Bocees, at a special term in Sara-toga, that the defendants show cause at the special term to be held at Saratoga, on September 37, at ten A. M. (among other things) why the aforesaid motion to change the place of trial should not be heard at the time and place aforesaid, and served this order, and the affidavits, upon the defendants, on September 36.
On September 36, the defendants obtained from Mr. Justice Barnard, at special term in New York, another order to show cause at the special term at Albany, on September 37, why the place of trial should not be1 changed to New York. This order was obtained because an affidavit of merits had been omitted from the former papers, and it was served on the same day.
Mr. Shearman, the attorney for the defendant, went *236 to Troy on the 26th, intending to go to Saratoga on the morning of the 27th, to attend at the special term on the hearing of the order to show cause that day; but on that morning he missed the train at Troy, and was unable to get to Saratoga in time for the motions.
On September 27, at the special term at Saratoga before Mr. Justice Bocees, and at half past ten A. M., the plaintiff took by default an order of reference to Charles J. Lester.
On the same day, and at the same special term at Saratoga, and at the same hour of the day, the plaintiffs took by default another order, which, after the recitals, is as follows:
“ After hearing Gf. Gf. Scott, of counsel for plaintiffs, it is ordered that said motion to change the place of trial be heard forthwith. And no one appearing to oppose, it is further ordered that said order to show cause, returnable at the Albany special term, be vacated and discharged; and further, that the motion to change the place of trial herein be denied with ten dollars costs.”
' The defendant thereupon, about noon of September 27, at the Albany special term, obtained an order to show cause at a special term in Albany, on September 30, why the defaults should not be set aside, why the place of trial should not be changed, and for various other kinds of relief; and the motion now to be heard is on the return of that order.
The plaintiffs object that the defendants have no right to make this motion, because an order for discovery has been granted with which the defendants have not complied, and which, therefore, operates as a stay of all other proceedings (Rule 17). The language of the rule is very sweeping. Yet it must plainly have some exceptions. For instance: the party obtaining the order is not stayed, as the plaintiff’s own order shows; and again, the party ordered to make discovery *237 may appeal from the order. In the case of Lapeons v. Hart (9 How. Pr., 541), after verdict the defendant obtained an order for thirty days to make a case, and a stay of proceedings in the mean time. Afterwards, the plaintiff obtained an order or arrest. This the defendant moved to set aside, on the ground that it was in violation of the stay. Mr. Justice Harris denied the motion, saying that the order to stay proceedings applied only to the ordinary proceedings in the action ; that while the plaintiff could not obtain the relief for which the action was brought, he might proceed to obtain any temporary relief to which he might be entitled. This is undoubtedly the proper construction of an order to stay proceedings. Such an order does not, I think, prevent the party who is stayed from applying to the court for such remedies as are usually obtained by special motion. And that must be obvious for this reason. The court which granted the stay of proceedings has the power to modify it, and the granting of the relief asked in a special motion is, at the most, only a modification of the stay, implied, if not expressed. When a party makes a motion, his opponent may reply that the moving party is under a stay. The court will then consider the matter, and refuse the motion if it thinks best, or grant it, thus if necessary, modifying its own stay. I do not think that I should refuse to hear this motion on account of the stay of proceedings.
It was strenuously argued that I should send this motion to Mr. Justice Bocees, to be heard. This disposition of the matters would suit my wishes ; for it is disagreeable to settle such a strife of orders. But the motion is before me regularly. The moving party had a right to make it at this special term. I deem it my duty to decide it, not to evade the making of a decision.
I should regret very much if there should seem to *238 be in this case the least conflict of judicial action. Hothing of the kind is involved in the hearing of this motion. The orders which the defendants now ask to open or set aside, were taken by default. By the rule of court (thirty-ninth), as well as by familiar practice, the plaintiff's took the orders as a matter of course, no one opposing. There has, therefore, been no judicial decision in the matter; for a decision implies the hearing of both parties. The defendants’ failure to appear was a tacit consent to the entering of the orders, and it was unnecessary for the court to pass on the merits of« the motions. -It is from effects of that tacit consent that the defendants now wish to be relieved, not from any real decision against them. If I were asked to reverse a decision of this court made at a term held by another justice, a very different question would be raised.
A common misapprehension prevails, as I think, in regard to the effect of an order to show cause. It is in fact only the authority for a short notice of motion (Code, § 402). When a motion is brought before the court on such an order, the party obtaining it is entitled to open (N. Y. & H. R. R. v. Metropolitan Police, 1 Hilt., 562). There is an indistinct idea that by an order to show cause, the court has, as it were, passed upon the merits, unless the opposing party can reverse its opinion. But this is incorrect.' It is not to be understood that when a court grants an order they express in any degree an opinion on the merits. It would be unjust for the court to do so, because the order is ex-parte, and the opposing party ought not to be, and is not, prejudiced. In granting an order to show cause, the court looks not at the merits, but at the question whether there is a necessity for a shorter notice than that of eight days. I think some light will be throw on the present case by keeping in mind that the several or *239 ders to show cause are of no more effect than short notices of motion.
In regard to the order of reference, the plaintiff-took a default about half an hour after the opening of the court. The attorneys for both parties reside in New York, and had come up together on the train, and I think that the plaintiffs’ attorney must have supposed that the defendants’ attorney intended to oppose the motion. It may be regular to take a default at an hour of the day as early as this was done, but it is not customary here, and certainly at this day it is almost a matter of course here to open defaults on any excuse being shown. It is right that both parties should be heard. The defendants’ attorney swears to an excuse for not attending, and though there is an attempt to discredit his affidavit, I do not think that I ought to inpute to him bad faith or falsehood, except on positive contradiction.
The default should be opened on terms. The defendants’ attorney must pay ten dollars costs of motion, and as the term at which the motion was made has probably adjourned, he must stipulate that the plaintiffs, without further notice, may, if they wish, bring that motion for a reference on before some special term in the fourth district, which will be fixed in the order to be entered on this motion when settled.
As to the order made in regard to the motion for a change of place of trial, I think it was altogether irregular. The defendant had noticed a motion in the Albany special term, to change the place of trial. The plaintiff noticed a new motion (for so I understand an order to show cause) for the Saratoga special term, that the defendant make his motion there. I think such a motion is altogether novel. I see no propriety in it, and great evil. If there be a reason why the motion should not be heard where it is noticed, that is the place to present that reason. The plaintiff in this case *240 could have appeared at Albany, and shown reasons, if they had them, why the hearing should be transferred to Saratoga. I do not understand what authority there can be for a motion to require one’s opponent to make his motion at a different place from that which he has selected. The moving party is not bouná to make his motion at all. He may altogether neglect to make it, at the penalty of paying costs of appearing. After it is made, perhaps the court may, for good cause shown, transfer the hearing from one branch to another branch of the same court. But the law has given the party the right to make his motion in certain places. What power has the other party to limit that right ? With great respect to the extensive power of the court, I may even ask what right has the court thus to limit the party’s rights. If a party can thus control his opponent as to one motion, he might as to all. The plaintiff might move that all the defendant’s motions in this action should be made in Saratoga County.
But there is still more irregularity in the plaintiffs’ practice. Their notice of'motion (order to show cause) was, if I remember correctly, that the plaintiffs’ motion to show cause be heard at Saratoga special term, on the 27th. The defendant making default, the most to which the plaintiffs were entitled was the relief which they asked for, in that defendants’ motion should be heard at that time and place. If they had taken that order only, then it would have been the privilege of the defendants (assuming the order to be regular), to make their motion at any time during that special term. It would only be for neglect to move during the term that they could have been required to pay costs. But the plaintiffs entered an order requiring the defendants to make their motion forthwith, and then entered an order vacating and discharging Judge Ingalls’ order, and furthermore denying the *241 motion to change the place of trial, with ten dollars costs.
Now it is well known practice that on failure to bring on a motion the opposing party may have costs for appearing. But this can only be when the moving party has utterly failed to bring on his motion. He has not failed to bring it on until the opportunity has passed. Costs for not moving are granted only at the close of the special term. And it is not stated that the special term was over at half past ten.
But again : the plaintiffs have entered an order denying a motion which the defendant never made. As it stands, the-defendants are prevented from moving to change the place of trial, because it appears that such a motion has once been denied. Where a party neglects to make a motion which he has noticed, there is no right to deny it, but only to give costs for not appearing.
This is all irregular, and must be set aside. The irregularity itself indicates that the order, as appears on its face, was taken by default, and without any actual decision by the judge. For the judge would not have denied a motion which had not been made.
Setting this order aside, the motion to change the place of trial is now supposed to be before me. But it was in fact not argued, and the plaintiffs said that they were not ready. I shall order it to stand to the next Albany special term. The defendants may, of course, countermand it, if they do not wish to bring it on then.
So far as the right to make a motion to change the place of trial is concerned, the defendants are not to be stayed by the order for discovery. I deny, without prejudice, any motion to modify the stay under that order in other respects.